Totten, J.
delivered the opinion of the court.
The case is a bill to redeem two hundred and forty acres of land in Humphreys county, purchased by defendant under a decree in chancery. The plaintiff being entitled to redeem, made a proper tender of the amount due therefor, to the defendant, which was refused. He is, therefore, entitled to the *437 land on payment of the money due for the redemption; and in his bill he prays that it be decreed to him on payment of the same.
The money was not paid into court, or paid to defendant; and in this state of the case the chancellor proceeded by decree to divest the title of defendant to the land in question, and to vest it in the plaintiff; and to further order and decree, that if the said money were not paid in a given time, the clerk and master should raise the same by a sale of the land.
In this we think there is error. The redemption money is not, in any legal sense, a charge upon the land. The vendee’s title to the land is perfect and absolute, unless the party entitled to redeem, shall pay or tender the redemption money within the time limited by law.
The plaintiff having the right to redeem, the equity of his bill consists in the tender and refusal; and it seeks to enforce the defendant to do what he should otherwise have done ; that is, to permit the redemption and to reconvey the land. The plaintiff should, therefore, tender the money by his bill, and be always ready to pay it into court, when in the progress of the suit it shall be so ordered; if it contain no such tender, it is defective for want of equity, and should of course be dismissed upon demurrer.
In strict law, the money should be brought into court at the institution of the suit; and it would seem to be a very reasonable and proper practice as it is, in legal effect, the defendant’s money, and he is not entitled to any interest upon it after the tender.
It should at least appear to the court, before any decree for redemption is made, that the money has been paid into court, subject to the order of the defendant. No decree can be made without such previous payment; it is a condition precedent that must be performed, before the party having the right to redeem is entitled to a reconveyance of the land, or to what is *438 equivalent, (act 1801, ch. 6,) a decree investing him with the title.
In the present case, the defendant’s title has been divested, and the redemption money has not been paid. As a remedy for this inconvenience, it is ordered, that if the money be not paid by a day certain, that the land be sold to raise a fund for its payment.
May it not happen in many cases, if not in this, that a sale oi the land would not produce a sufficient fund to discharge what is due for the redemption ? And in that case, the title of the defendant being taken from him, what remedy has he for the balance of the money ? We may further observe upon the principle of this decree, that it defeats the very object contemplated by the bill; for, if the plaintiff be unable or fail to raise the redemption money, and the land be again sold to raise it, in what better condition will he be than he was before the institution of his suit ? He would again be entitled to an equity of redemption, either from the same or from another purchaser.
The decree will be reversed, and the suit remanded.